Judge Robertson
delivered the opinion of the Court.
Davis and others appealed from a decree which had been rendered in a suit in chancery, between them and Phelps.
The record was filed in this court, on the 9th of April, 1827.
On the 15lh of October, 1828, Phelps prosecuted a writ of error.
On the 28th of October, 1828, the cause was heard, and on the 29th of November, 1828, the decree of the circuit court was reversed, and the cause remanded, with instructions to render a decree conformable to the opinion of this court.
These facts are plead in bar of the further prosecution, by Phelps, of his writ of error.
The plea must be sustained. The opinion of this court disposed of the ¿whole case. After a reversal *369 of tbe decree, no person who was a party to it in the ‘inferior court and here, can prosecute a writ of error to reverse it again. The case having been remanded, thp parties can be heard only in the circuit court, until it shall have made another decree. If there be any error in such final decree,the party injured by it, may prosecute an appeal or writ of error, to rectify it.
*Breck, for plaintiff; Turner, for defendants.
After one reversal, it would produce inconvenient and perplexing consequences, to reverse again, on the application of any party to the decree, whilst the ‘case is pending, on the order of this court, in the circuit court. Remanding the case to the court below, transferred it from this court to that, and we now should take no cognizance of it, except so far as to dismiss the writ of error.
Wherefore, the writ of error must be dismissed.